# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

OPUS PARTNERS, LLC,

        Plaintiff,

v.                                          Case No: 6:18-cv-1735-Orl-40DCI

JAMES AVANZINO,

        Defendant.
_____/

## ORDER

This matter comes before the Court without oral argument on Defendant James Avanzino's Motion to Dismiss (Docs. 21, 22). Plaintiff Opus Partners, LLC ("**Opus**"), responded in opposition. (Doc. 24). Upon consideration, the Motion is due to be denied.

## I.    BACKGROUND[1]

In this breach of contract suit, Opus alleges that Avanzino breached a contract to pay Opus $200,000 for its performance under a consulting agreement. (Doc. 4).

On March 20, 2017, Opus entered into a non-exclusive consultation agreement with Charter Healthcare Group ("**CHG**"), under which Opus would help sell CHG's assets for a fee. (*Id.* at pp. 5–7). Around the same time, CHG entered into a separate contract with RN Database.com, LLC ("**Database**"). (*Id.* ¶ 8). Soon after, Database found a suitable buyer, Pharos Capital, which was brought to Opus. (*Id.* ¶ 9). And while Opus worked toward executing the transaction, it "recognized that it was doing the lion's share

---

[1]     This account of the facts comes from the Amended Complaint. (Doc. 4). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

of the work and felt it was unfair that it would only retain the fee it had under its agreement with CHG." (*Id.*). Therefore, Opus' managing member (Daryl Sakol) and Database's president (James Avanzino) negotiated a separate contract whereby Database would pay Opus $200,000 if CHG executed a deal with one of Database's buyers. (*Id.* ¶ 10, p. 8).[2]

Although Avanzino purportedly entered into the $200,000 side contract with Opus on behalf of Database, Database was a nonexistent entity, as it was administratively dissolved on September 1, 2009. (*Id.* ¶¶ 10–11). Opus fully performed by completing all efforts "necessary to consummate the sale from CHG to Pharos Capital." (*Id.* ¶ 12). Thereafter, Opus demanded Avanzino pay $200,000. (*Id.* ¶ 13). Avanzino refused to pay, and this suit follows. (*Id.*). Avanzino now moves to dismiss, and Opus opposes. (Docs. 21–22, 24). With briefing complete, the matter is ripe.

## II. STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265,

---

[2] Attached to the Amended Complaint is a short email from Avanzino memorializing the deal. (*Id.* at p. 8). It reads: "This email is to confirm that Rndatabase.com will pay Daryl $200,000 of our fee if one of our buyers closes the deal. Please confirm receipt." (*Id.*). The email is addressed to Fred Frank, a CHG principal; and Sakol is copied. (*Id.* ¶ 11, p. 8).

286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

### III. DISCUSSION

Defendant advances three arguments in favor of dismissal: (i) Avanzino is an improper defendant because the Amended Complaint does not allege that Avanzino agreed to pay Opus any funds; (ii) the email documenting the alleged contract states that payment would be made to "Daryl," who is not party to this action, and Opus is not mentioned; and (iii) the email lacks details essential to an enforceable contract. (Doc. 22). As to each argument, Plaintiff counters: (i) Avanzino is a proper Defendant because he contracted with Opus on behalf of a dissolved entity; (ii) setting aside the email, Avanzino and Sakol orally agreed that payment would be made to Opus; and (iii) the parties' oral agreement is enforceable regardless of whether the email constitutes a contract. (Doc. 24).

The Amended Complaint plausibly alleges that the parties entered into an enforceable oral agreement that Avanzino breached. "Florida law recognizes that contracts may be validly formed without an express written agreement." *Koechli v. BIP*

*Int'l*, 870 So. 2d 940, 943–44 (Fla.1st DCA 2004).[3, 4] Oral contracts, like the one alleged here, are "subject to the basic requirements of contract law such as offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). A party asserting an oral contract must prove its existence by a preponderance of the evidence. *Id.* Here, Oplus plausibly alleges the existence of an enforceable contract for Avanzino[5] to pay Opus $200,000 upon consummation of the CHG asset sale, which Avanzino breached after the transaction completed. *See id.*; (Doc. 4).

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant James Avanzino's Motion to Dismiss (Docs. 21, 22) is **DENIED**. On or before May 7, 2019, Defendant shall answer the Amended Complaint.

---

[3]  Because this case is before the Court pursuant to diversity jurisdiction (Doc. 4, ¶¶ 1–6), the Court applies the substantive law of the forum state, Florida. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[4]  Florida's statute of frauds does not prevent enforcement of the oral contract between Plaintiff and Defendant. The Florida statute prohibits enforcement of oral contracts not to be performed within one year of the contract's creation; contracts for an indefinite time are not governed by the statute. Fla. Stat. § 725.01; *Byam v. Klopcich*, 454 So. 2d 720, 721 (Fla. 4th DCA 1984) ("The general rule is that an oral contract for an indefinite time is not barred by the Statute of Frauds. Only if a contract could not possibly be performed within one year would it fall within the statute."). Because Plaintiff alleges the contract could be, and was, performed in less than a year, the statute of frauds is no barrier to enforcement. *See Byam*, 454 So. 2d at 721.

[5]  The Amended Complaint alleges that Avanzino acted on behalf of a dissolved entity when he entered into the oral contract with Plaintiff. Under Florida law, principals contracting on behalf of nonexistent entities (like Avanzino) are held personally liable on such contracts. *See Akel v. Dooley*, 185 So. 2d 491, 492 (Fla. 2d DCA 1966) ("An agent will be held personally liable where he professes to enter into a contract for a principal who is at the time non-existent . . . ." (quoting *Phillips & Co. v. Hall*, 128 So. 635, 637 (Fla. 1930)).

**DONE AND ORDERED** in Orlando, Florida on April 23, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties